Brady, J.
The referee has given full consideration to the questions eliminated from the facts and circumstances of this controversy, and, while the result may be doubtful, it is sustained by cogent reasoning and acceptable principle. The proposition really involved is whether an agent, making a sale of goods to arrive for the benefit of his principal, can, in the event of the latter’s failure, avail himself personally of the benefits of the contract of sale, to the prejudice of the person who advances upon the bills of lading, though in ignorance of the sale, where, by agreement between the latter and the consignors relating to such advances, the right is given, in case of the consignors’ failure or suspension, to sell the goods and apply the proceeds. Such an arrangement, when the contingency provided against happens, necessarily interferes with the right or power of the agent to deliver, and excludes all contemplated advantages to the consignors and their representatives arising from the sale made. Here the consignors suspended, and the agent, who had made the contract of sale in his own name, claimed the right to supply the merchandise required by the contract, and to appropriate the profits to his own use in the payment of debts due him from the consignors.
The plaintiff having the power of disposition of the goods for its own indemnity, and being under no obligation to regard the sale made by the agent, the latter would seem justified in claiming that the consignor’s interests required him to complete the engagement made by resort to another source from which it could be accomplished. The plaintiff, without a corresponding obligation to fulfill the contract of sale, should not be allowed in equity to reap its advantages. There was no privity of contract between it and the agent or his vendee. It relied upon the bills of lading and the extended agreement relating to advances upon them, and the powers conferred by it, none of which embraced the profits of or imposed the obligation upon it to assume the sale made of the merchandise covered by the bills of lading.
These elements are, however, sufficiently presented on the findings and opinion of the referee, and the contention is in proper form for adjudication in the court of last resort if the plaintiff thinks proper further to litigate. A special provision in the judgment, however, seems to be necessary from these findings of the referee:
“5. That said several contracts of sale were the acts and property of Martin, Dyce & Co., and Martin, Turner & Co., and they, or their assignees, in bankruptcy, are entitled to all the benefits, profits and advantages thereof.
“ 6. That the defendant, Cooper, had not the legal right or authority to use his position or powers as the agent of said principals for the purpose of gaining any advantage *464 for himself other than such compensation as he might be entitled to as such agent.
“He had not, as against his principals. H. 0.”
It is quite evident that they are in conflict with the proposition that the defendant has an absolute right to appropriate the sum deposited under the stipulation made between the parties. It is enough, doubtless, for the purposes of this controversy, that the plaintiff is not entitled to that sum, but the judgment should be so modified as to show that the defendant may receive the money subject to any superior right of creditor, or assignee, if any exist.
This must be the effect of these findings for the reasons stated in them, namely, that the defendant’s principals, or their-assignees, in bankruptcy, are entitled to all the benefits, profits and advantages of all sales made, and that the defendant had not the legal right, as against his principals, to use his position or powers as such for any personal advantages other than his compensation to accrue. As the plaintiff is not entitled to-the fund, the propriety of allowing the commissions granted does not require any consideration. The principals, or their representatives, must be heard on that subject, and no decision can be made relating to them which will bind them. If the plaintiff were entitled to the fund it would be otherwise, and if an appeal be taken and the plaintiff succeeds, the question upon commissions will be disposed of by the court of last' resort.
For these reasons the judgment is affirmed, with costs.
I concur, Daniels, J.